11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Roger
Christopher Schoenfeld

Appellant

Vs.      
            No. 11-02-00122-CR  -- 
Appeal from Dallas County

State of Texas

Appellee

 








This is an
appeal from a community supervision revocation.  Roger Christopher Schoenfeld originally pleaded guilty to the
offense of possession of 1 to 4 grams of methamphetamine.  The trial court convicted appellant and,
pursuant to the plea bargain agreement, assessed his punishment at confinement
for 5 years and a fine of $1,500.  The
imposition of confinement was suspended, and appellant was placed on community
supervision for a term of 5 years.  The
State subsequently filed a motion to revoke. 
Appellant pleaded true to the State=s allegations that he had violated the terms and conditions of his
community supervision.  The trial court
revoked appellant=s
community supervision and assessed his punishment at confinement for 5 years
and a fine of $756.  We affirm.              Appellant
presents two issues for review.  In the
first issue, he argues that his sentence is void because the trial court failed
to revoke his community supervision prior to announcing sentence.  The record shows that the hearing regarding
the motion to revoke was conducted on two separate days.  On February 28, 2002, appellant pleaded true
to the State=s allegations, including allegations that
appellant tested positive for amphetamine and marihuana three times during his
community supervision and that appellant did not participate in substance abuse
counseling as required.  During this
proceeding, appellant discussed the positive effect that the SAFPF (Substance
Abuse Felony Punishment Facility) program had had on his girlfriend.  The trial court concluded this proceeding by
holding appellant for an evaluation and recommendation regarding his substance
abuse.  The court stated, AIf it=s SAFPF, that=s
where you=re going to go.@  On March 28, 2002, the hearing
resumed.  The trial court stated on the
record that it had held appellant for an evaluation and recommendation, that
SAFPF was the recommendation made by the community supervision department, but
that appellant would not sign the paperwork to modify the conditions of
community supervision and accept SAFPF. 
Appellant did not want to go to SAFPF but, instead, wanted to receive
treatment at AWilmer.@  After appellant refused to
accept the drug treatment offered by the trial court, the trial court accepted
appellant=s plea of true and assessed his punishment at
five years confinement in the penitentiary. 
The trial court also stated for the record that it had Arevoked@ appellant=s
community supervision.  Furthermore, the
trial court signed the judgment revoking appellant=s community supervision.  

A Avoid@ or Aillegal@ sentence is one that is not authorized by law.  See Ex parte Johnson, 697 S.W.2d 605, 606‑07
(Tex.Cr.App.1985).  Appellant was
convicted of a third degree felony, which is punishable by confinement for a
term of not less than two nor more than ten years plus an optional fine.   TEX. HEALTH & SAFETY CODE ANN. '' 481.102 & 481.115 (Vernon Pamph. Supp.
2003); TEX. PENAL CODE ANN. ' 12.34 (Vernon 1994).  When
community supervision is revoked, the trial court may proceed to dispose of the
case as if there had been no community supervision.  If it determines that the best interests of society and the
defendant would be served by a shorter term of confinement, the trial court may
reduce the term of confinement that was originally assessed and impose any term
of confinement that is not less than the minimum prescribed for the
offense.  TEX. CODE CRIM. PRO. ANN. art.
42.12, ' 23 (Vernon Supp. 2003).  Article 42.12, section 23 also provides that
the time spent on community supervision shall not be considered as any part of
the time that the defendant shall be sentenced to serve.  

We hold
that the sentence is not void.  The
reporter=s record and the judgment clearly indicate
that the trial court revoked appellant=s community supervision and sentenced him to confinement for five years
-- the same term of confinement that was originally assessed pursuant to the
plea bargain agreement.  The first issue
is overruled.  








In the
second issue, appellant argues that his right to due process was denied by the
trial court=s predetermination of appellant=s sentence. 
The trial court had stated at the conclusion of the plea hearing, AIf you come in on a motion to revoke, you=re looking at five years in the pen,
okay.  Good luck to you.@ 
Appellant, however, failed to preserve this issue for review.  Appellant did not object to the trial court=s statement at the time it was made, did not
file a motion to recuse in the revocation proceedings, and did not at any time
raise this issue in the trial court. 
Because appellant raised this issue for the first time on appeal, we
hold that appellant failed to preserve it for review.  TEX.R.APP.P. 33.1; Hull v. State, 67 S.W.3d 215
(Tex.Cr.App.2002)(holding that a due process issue regarding trial court=s Azero tolerance@
policy for probation revocation was not preserved for review when it was raised
for the first time on direct appeal). 
Appellant=s second issue is overruled.    The
judgment of the trial court is affirmed. 


 

TERRY McCALL

JUSTICE

December 5, 2002

Do not publish.  See
TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J.